IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| **DEDRA E. PETTIS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 05-0608-CG-B** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** | |

## ORDER

This matter is before the court on the Report and Recommendation of the Magistrate Judge (Doc. 16), and plaintiff's objection (Doc. 17). Plaintiff objects to the Magistrate Judge's finding that the Administrative Law Judge (ALJ) did not err by failing to grant controlling weight to the claimant's treating physician. The court finds that there is substantial evidence supporting the ALJ's findings and that the ALJ did not commit reversible error. Therefore, the court adopts the Magistrate Judge's recommendation that the decision of the Commissioner of Social Security should be affirmed.

The ALJ has wide latitude as finder of fact to evaluate the weight of the evidence. Owens v. Heckler, 748 F.2d 1511, 1514 (11th Cir.1984). Ultimately, the responsibility for deciding residual functional capacity rests with the ALJ. 20 C.F.R. 1546. Further, the task of this court is not to reweigh the evidence but instead to determine if there is substantial evidence to support the decision of the ALJ. See Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir.1985), vacated for rehearing en banc, 774 F.2d 428 (1985), reinstated sub nom Hand v. Bowen 793 F.2d 275 (1986). The Eleventh Circuit has held that "the testimony of a treating physician must be given

substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citations omitted).  "[G]ood cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240-1241 (11th Cir. 2004) (citing Lewis, 125 F.3d at 1440).  "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis, 125 F.3d at 1440.

In the instant case, the ALJ detailed a number of reasons why evidence supporting plaintiff's claimed loss of functional capacity was unreliable.  The ALJ went on to detail specifically why the opinion of plaintiff's treating physician, Dr. Evans, was not worthy of significant weight.

> ... I chose not to assign significant evidentiary weight to his medical opinion and diagnostic assessment for the myriad of reasons already articulated. He repeatedly characterizes the claimant's diabetes as "stable" and frequently admonishes her to cease smoking and bring better control over her respiratory symptoms (Exhibit 19F).  He also points to no specific clinical abnormalities or physical examination findings supporting his draconian functional restrictions.  Indeed, while Dr. Evans says in March 2004 the claimant cannot squat at all when working, Dr. Pace found her two months later quite able to squat and arise without difficulty. Given Dr. Pace's superior qualifications as a board certified internist and better narrative explanation of his findings (as opposed to Dr. Evans' often nearly illegible clinic notations), as well as the claimant's overall poor credibility, I chose to assign the greatest weight to his opinion and, especially, functional assessment. (20 C.F.R. §§ 404.1527(d) and 416.927(d)).

(TR 27).  After reviewing the evidence, the court finds that the ALJ articulated explicit and adequate reasons for discrediting Dr. Evans' findings.  Dr. Evans' opinion was conclusory or inconsistent with his own treatment notes, and other evidence supports a contrary opinion.  As

the Magistrate Judge stated, "despite a record full of extensive medical treatment notes, none of the treatment records contain findings which indicate that Plaintiff has work-related functional limitations of the severity assessed by Dr. Evans." (Doc. 16, p. 17).

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated March 8, 2007, is **ADOPTED** as the opinion of this court.

**DONE and ORDERED** this 26th day of June, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE